## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Flutura Simaku | : | |
| 5465 Rutherford Place | : | |
| Oviedo, FL 32765 | : | #_____ |
| And | : | |
| Aleksander Simaku | : | |
| 5465 Rutherford Place | : | |
| Oviedo, FL 32765 | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| Daniel Villanueva | : | |
| 2608 Country Club Ter. | : | |
| Rockford, IL 66103 | : | |
| And | : | |
| Riders Distributers, Inc. | : | |
| 3100 W Lake St. | : | |
| Melrose Park, IL 60160 | : | |
| And | : | |
| XX Logistics, Inc. | : | |
| 270 S Atkinson Rd. | : | |
| Grayslake, IL 60030 | : | |
| Defendants | : | |

## COMPLAINT

## PARTIES

1.    Plaintiff, Flutura Simaku, is a resident of the State of Florida, residing at the address listed in the caption of this Complaint.

2.    Plaintiff, Aleksander Simaku, is a resident of the State of Florida, residing at the address listed in the caption of this Complaint.

3.    Upon information and belief, Defendant, Daniel Villanueva, is a resident of the State of Illinois, residing at the address listed in the caption of this Complaint.

4.    Defendant, Riders Distributors, Inc., is a corporate entity authorized to conduct business in the State of Illinois, with a business address listed in the caption of this Complaint.

5.    Defendant, XX Logistics, Inc., is a corporate entity authorized to conduct business in the State of Illinois, with a business address listed in the caption of this Complaint.

## JURISDICTION AND VENUE

6.    This Court has jurisdiction over the parties and subject matter of this Civil Action-Complaint in that the crash at issue occurred in Riley Township, Ohio. Plaintiffs, Flutura Simaku and Aleksander Simaku, are citizens of Florida and the Defendant, Daniel Villanueva, is a citizen of Illinois, and the Defendants, Riders Distributors, Inc. and XX Logistics, Inc., upon information and belief are corporate entities with their principal place of business in Illinois and the amount in controversy in this case, exclusive of interest and costs, exceeds the sum of $75,000.

7.    Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(a) (1) and (2) in that this is a judicial district in which a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred.

## **FACTS**

8.      On or about February 1, 2020, at or about 9:00 a.m., Plaintiff, Aleksander Simaku, the operator of a motor vehicle in which Plaintiff Flutura Simaku was a passenger, was traveling on the Ohio Turnpike in Sandusky, OH.

9.      Plaintiff Aleksander Simaku pulled over their semi-truck due to mechanical issues.

10.     At or about the same date and time, Defendant, Daniel Villanueva, was the operator of a motor vehicle owned by Defendants, Riders Distributers, Inc. and XX Logistics, Inc..  This vehicle was traveling at or around the aforementioned location of the Plaintiffs' vehicle.

11.     At or about the same date and time, Defendants' vehicle was involved in a collision with Plaintiffs' vehicle.

12.     At all times relevant hereto, Defendant, Daniel Villanueva, was operating the aforesaid Defendants, Riders Distributors, Inc. and XX Logistics, Inc.'s vehicle as an agent, servant and/or employee, acting within the scope of their agency.

13.     The aforesaid motor vehicle collision was the result of Defendants, negligently, recklessly and/or carelessly, operating his/her vehicle in such a manner so as to rear-end Plaintiffs' vehicle.

14.     The aforesaid motor vehicle collision was a direct result of the negligence, recklessness and/or carelessness of the Defendants and not the result of any action or failure to act by the Plaintiff.

15.     As a result of the collision, Plaintiff suffered severe and permanent injuries, as are more fully set forth below.

## COUNT I
### Flutura Simaku v. Daniel Villanueva
### Negligence

16.     Plaintiff Flutura Simaku incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

17.     The negligence, carelessness, recklessness, and actual malice of Defendant Daniel Villanueva, which was the direct cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the Plaintiff, consisted of but are not limited to the following:

  a. Rear-ending the vehicle in which the Plaintiff was a passenger, while vehicle was parked on the shoulder of the road;

  b. Striking the guardrail behind Plaintiff, and then colliding with Plaintiff's vehicle due to fatigue, as substantiated by the police report.

  c. Driving while being incapable of safely driving his tractor trailer at the time of the collision.

  d. Driving a large tractor-trailer while tired or fatigued all while understanding the immediate and probable danger this imposes to others on the road;

  e. Continuing to drive on the road while knowing he is too fatigued to drive;

  f. Failing to pull over when he realized he was too fatigued to drive;

  g. Driving while understanding he had a medical or other physical condition which may suddenly render him incapable of safely driving a tractor-trailer.

  h. Failing to maintain proper distance between vehicles;

  i. Operating said vehicle in a negligent, careless reckless, and actually malicious manner so as to rear-end the vehicle in which the Plaintiff was a passenger, without regard for the rights or safety of Plaintiffs or others;

j.  Failing to have said vehicle under proper and adequate control;

k.  Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

l.  Violation of the assured clear distance rule;

m.  Failure to keep a proper lookout;

n.  Failure to apply brakes earlier to stop the vehicle without rear-ending the vehicle in which the Plaintiff was a passenger in;

o.  Being inattentive to his duties as an operator of a motor vehicle;

p.  Disregarding traffic lanes, patterns, and other devices;

q.  Driving at a high rate of speed which was high and dangerous for conditions;

r.  Failing to remain continually alert while operating said vehicle;

s.  Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

t.  Failing to give Plaintiffs meaningful warning signs concerning the impending collision;

u.  Failing to exercise ordinary care to avoid a collision;

v.  Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

w.  Operating said vehicle with disregard for the rights of Plaintiff, even though he was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to her

    x.   Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

    y.   Failing to operate said vehicle in compliance with the applicable laws and ordinances of the State of Ohio, pertaining to the operation and control of motor vehicles; and

    z.   Being otherwise careless, negligent, reckless and actually malicious under the circumstances.

18.    As a direct and consequential result of the negligent, careless, reckless, and actually malicious conduct of the Defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including, but not limited to, her back and shoulders. Specifically, including, but not limited to a disc bulge with annular tearing at the L3-4 disc level, a disc herniation with annular tearing at the L4-5 disc level and a disc herniation at the L5-S1 disc level. Flutura also sustained a fracture to her humerus, as well as tearing of the supraspinatus tendon and her superior labrum. Due to these left shoulder injuries, surgical repairs were made, all to Plaintiff's great loss and detriment.

19.    As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

20.    As an additional result of the negligent, careless, reckless, and actually malicious conduct of Defendant, Plaintiff suffered emotional injuries.

21.     As a further result of Plaintiff's injuries, she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

22.     As a direct result of the negligent, careless, reckless, and actually malicious conduct of the Defendant, Plaintiff suffered damage to her personal property, including his/her motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision, including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

23.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of any basic personal injury protection benefits, for which she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Flutura Simaku, prays for judgment in Plaintiffs' favor and against Defendant, Daniel Villanueva, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs, in addition to punitive damages and other relief this court deems necessary.

### COUNT II
**Aleksander Simaku v. Daniel Villanueva**
**Negligence**

24.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

25.     The negligence, carelessness, recklessness, and actual malice of the Defendant, which was the direct cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the Plaintiff, consisted of but are not limited to the following:

a.  Rear-ending the vehicle in which the Plaintiff was a passenger, while vehicle was parked on the shoulder of the road;

b.  Striking the guardrail behind Plaintiff, and then colliding with Plaintiff's vehicle due to fatigue, as substantiated by the police report.

c.  Driving while being incapable of safely driving his tractor trailer at the time of the collision.

d.  Driving a large tractor-trailer while tired or fatigued all while understanding the immediate and probable danger this imposes to others on the road;

e.  Continuing to drive on the road while knowing he is too fatigued to drive;

f.  Failing to pull over when he realized he was too fatigued to drive;

g.  Driving while understanding he had a medical or other physical condition which may suddenly render him incapable of safely driving a tractor-trailer.

h.  Failing to maintain proper distance between vehicles;

i.  Operating said vehicle in a negligent, careless reckless, and actually malicious manner so as to rear-end the vehicle in which the Plaintiff was a passenger, without regard for the rights or safety of Plaintiffs or others;

j.  Failing to have said vehicle under proper and adequate control;

k.  Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

l.  Violation of the assured clear distance rule;

m.  Failure to keep a proper lookout;

n.  Failure to apply brakes earlier to stop the vehicle without rear-ending the vehicle in which the Plaintiff was a passenger in;

o.  Being inattentive to his duties as an operator of a motor vehicle;

p.  Disregarding traffic lanes, patterns, and other devices;

q.  Driving at a high rate of speed which was high and dangerous for conditions;

r.  Failing to remain continually alert while operating said vehicle;

s.  Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

t.  Failing to give Plaintiffs meaningful warning signs concerning the impending collision;

u.  Failing to exercise ordinary care to avoid a collision;

v.  Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

w.  Operating said vehicle with disregard for the rights of Plaintiff, even though he was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him

x.  Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

y.  Failing to operate said vehicle in compliance with the applicable laws and ordinances of the State of Ohio, pertaining to the operation and control of motor vehicles; and

z.  Being otherwise careless, negligent, reckless and actually malicious under the circumstances.

26.     As a direct and consequential result of the negligent, careless, reckless, and actually malicious conduct of the Defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including, but not limited to, his back, shoulders and both knees. Specifically, including, but not limited to disc bulge with annular tearing at the L3-4, disc herniation with annular tearing at L4-5 and disc bulging with herniation at L5-S1, all to Plaintiff's great loss and detriment.

27.      As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

28.     As an additional result of the negligent, careless, reckless, and actually malicious conduct of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

29.      As a further result of Plaintiff's injuries, he has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

30.     As a direct result of the negligent, careless, reckless, and actually malicious conduct of the Defendant, Plaintiff suffered damage to his personal property, all to Plaintiff's great loss and detriment.

31.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount

equal to and/or in excess of any basic personal injury protection benefits for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Aleksander Simaku, prays for judgment in Plaintiff's favor and against Defendant, Daniel Villanueva, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs, punitive damages, and other relief this court deems necessary.

### COUNT III
**Flutura Simaku v. Riders Distributors, Inc.**
**Negligent Entrustment**

32.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

33.     The carelessness, negligence, recklessness, and actually malicious conduct of the Defendant, Riders Distributors, Inc., which was the proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the Plaintiff, consisted of but are not limited to the following:

    a.  Permitting or directing Defendant Villanueva to drive a tractor-trailer while knowing he had a medical or other physical condition which may suddenly render him incapable of safely driving a tractor-trailer;

    b.  Permitting or directing Defendant Villanueva to drive a tractor-trailer while failing to properly identify a medical or other physical condition which renders him incapable of safely driving a tractor-trailer;

    c.  Failing to ensure that only medically qualified drivers are operating commercial motor vehicles in interstate commerce as required by the Code of Federal Regulations.  49 CFR § 391.41;

d. Requiring or permitting Defendant Villanueva to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause as to make it unsafe for him to begin or continue to operate the commercial motor vehicle in violation of the Code of Federal Regulations.  49 CFR § 392.3.

e. Permitting Defendant, Daniel Villanueva, to operate the motor vehicle without first ascertaining whether or not he was capable of properly operating said vehicle;

f. Permitting Defendant, Daniel Villanueva, to operate the motor vehicle when Defendant, Riders Distributors, Inc.., knew, or in the exercise of due care and diligence, should have known that Defendant, Daniel Villanueva, was capable of committing the acts of negligence set forth above;

g. Failing to warn those persons, including the Plaintiff, that Defendant, Riders Distributors, Inc., knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to Defendant, Daniel Villanueva's negligent operation of the motor vehicle; and

h. Otherwise negligently entrusting said vehicle to said individual Defendant, Daniel Villanueva.

34.    As a direct and consequential result of the careless, negligent, reckless, and actually malicious conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including, but not limited to, her back and shoulders. Specifically, including, but not limited to a disc bulge with annular tearing

at the L3-4 disc level, a disc herniation with annular tearing at the L4-5 disc level and a disc herniation at the L5-S1 disc level. Flutura also sustained a fractured to her Humerus, as well as tearing of the supraspinatus tendon and her superior labrum. Due to these left shoulder injuries, surgical repairs were made, all to Plaintiff's great loss and detriment.

35.    As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

36.    As an additional result of the carelessness, negligence and/or recklessness of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

37.    As a further result of Plaintiff's injuries, he has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

38.    Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of any basic personal injury protection benefits for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Flutura Simaku, prays for judgment in plaintiff's favor and against Defendant, Riders Distributors, Inc., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs, punitive damages, and other relief this court deems necessary.

<u>**COUNT IV**</u>
**Aleksander Simaku v. Riders Distributors, Inc.**
**Negligent Entrustment**

39.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

40.     The carelessness, negligence, recklessness, and actual malice of the Defendant, Riders Distributors, Inc., which was the proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the Plaintiff, consisted of but are not limited to the following:

     a.  Permitting or directing Defendant Villanueva to drive a tractor-trailer while knowing he had a medical or other physical condition which may suddenly render him incapable of safely driving a tractor-trailer;

     b.  Permitting or directing Defendant Villanueva to drive a tractor-trailer while failing to properly identify a medical or other physical condition which renders him incapable of safely driving a tractor-trailer;

     c.  Failing to ensure that only medically qualified drivers are operating commercial motor vehicles in interstate commerce as required by the Code of Federal Regulations.  49 CFR § 391.41;

     d.  Requiring or permitting Defendant Villanueva to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause as to make it unsafe for him to begin or continue to operate the commercial motor vehicle in violation of the Code of Federal Regulations.  49 CFR § 392.3.

e.  Permitting Defendant, Daniel Villanueva, to operate the motor vehicle without first ascertaining whether or not he was capable of properly operating said vehicle;

f.  Permitting Defendant, Daniel Villanueva, to operate the motor vehicle when Defendant, Riders Distributors, Inc.., knew, or in the exercise of due care and diligence, should have known that Defendant, Daniel Villanueva, was capable of committing the acts of negligence set forth above;

g.  Failing to warn those persons, including the Plaintiff, that Defendant, Riders Distributors, Inc., knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to Defendant, Daniel Villanueva's negligent operation of the motor vehicle; and

h.  Otherwise negligently entrusting said vehicle to said individual Defendant, Daniel Villanueva.

41.  As a direct and consequential result of the careless, negligent, reckless, and actually malicious conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including, but not limited to, his back, shoulders and both knees. Specifically, including, but not limited to disc bulge with annular tearing at the L3-4, disc herniation with annular tearing at L4-5 and disc bulging with herniation at L5-S1, all to Plaintiff's great loss and detriment.

42.  As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may

in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

43.     As an additional result of the carelessness, negligence and/or recklessness of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

44.     As a further result of Plaintiff's injuries, he has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

45.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of any basic personal injury protection benefits, for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Aleksander Simaku, prays for judgment in plaintiff's favor and against Defendant, Riders Distributors, Inc., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs, punitive damages, and other relief this court deems necessary.

### COUNT V
**Flutura Simaku v. Riders Distributors, Inc.**
**Respondeat Superior**

46.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

47.     The carelessness, negligence, recklessness and actual malice of the Defendant, Riders Distributors, Inc., itself and by and through its agent, servant and/or employee, Defendant, Daniel Villanueva, acting at all times relevant hereto within the scope of its agency, which was the direct and proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the plaintiffs, consisted of but are not limited to the following:

a.  Rear-ending the vehicle in which the Plaintiff was a passenger, while vehicle was parked on the shoulder of the road;

b.  Striking the guardrail behind Plaintiff, and then colliding with Plaintiff's vehicle due to fatigue, as substantiated by the police report.

c.  Driving while being incapable of safely driving his tractor trailer at the time of the collision.

d.  Driving a large tractor-trailer while tired or fatigued all while understanding the immediate and probable danger this imposes to others on the road;

e.  Continuing to drive on the road while knowing he is too fatigued to drive;

f.  Failing to pull over when he realized he was too fatigued to drive;

g.  Driving while understanding he had a medical or other physical condition which may suddenly render him incapable of safely driving a tractor-trailer.

h.  Failing to maintain proper distance between vehicles;

i.  Operating said vehicle in a negligent, careless reckless, and actually malicious manner so as to rear-end the vehicle in which the Plaintiff was a passenger, without regard for the rights or safety of Plaintiffs or others;

j.  Failing to have said vehicle under proper and adequate control;

k.  Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

l.  Violation of the assured clear distance rule;

m.  Failure to keep a proper lookout;

n.  Failure to apply brakes earlier to stop the vehicle without rear-ending the vehicle in which the Plaintiff was a passenger in;

o.  Being inattentive to his duties as an operator of a motor vehicle;

p.  Disregarding traffic lanes, patterns, and other devices;

q.  Driving at a high rate of speed which was high and dangerous for conditions;

r.  Failing to remain continually alert while operating said vehicle;

s.  Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

t.  Failing to give Plaintiffs meaningful warning signs concerning the impending collision;

u.  Failing to exercise ordinary care to avoid a collision;

v.  Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

w.  Operating said vehicle with disregard for the rights of Plaintiff, even though he was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him

x.  Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

y.  Failing to operate said vehicle in compliance with the applicable laws and ordinances of the State of Ohio, pertaining to the operation and control of motor vehicles; and

z.  Being otherwise careless, negligent, reckless and actually malicious under the circumstances.

48.     As a direct and consequential result of the negligent, careless, reckless, and actually malicious conduct of the Defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including, but not limited to, her back and shoulders. Specifically, including, but not limited to a disc bulge with annular tearing at the L3-4 disc level, a disc herniation with annular tearing at the L4-5 disc level and a disc herniation at the L5-S1 disc level. Flutura also sustained a fractured to her Humerus, as well as tearing of the supraspinatus tendon and her superior labrum. Due to these left shoulder injuries, surgical repairs were made, all to Plaintiff's great loss and detriment.

49.     As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

50.     As an additional result of the carelessness, negligence and/or recklessness of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

51.     As a further result of Plaintiff's injuries, he has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

52.     As a direct result of the negligent, careless, and/or reckless conduct of the Defendant, plaintiff suffered damage to his personal property, including his/her motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

53.    Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of any basic personal injury protection benefits, for which she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Flutura Simaku, prays for judgment in Plaintiffs' favor and against Defendant, Riders Distributors, Inc., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs, punitive damages, and other relief this court deems necessary.

### COUNT VI
### Aleksander Simaku v. Riders Distributors, Inc.
### Respondeat Superior

54.    Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

55.    The carelessness, negligence, recklessness and actual malice of the Defendant, Riders Distributors, Inc., itself and by and through its agent, servant and/or employee, Defendant, Daniel Villanueva, acting at all times relevant hereto within the scope of its agency, which was the direct and proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the plaintiff, consisted of but are not limited to the following:

   a.  Rear-ending the vehicle in which the Plaintiff was a passenger, while vehicle was parked on the shoulder of the road;

   b.  Striking the guardrail behind Plaintiff, and then colliding with Plaintiff's vehicle due to fatigue, as substantiated by the police report.

   c.  Driving while being incapable of safely driving his tractor trailer at the time of the collision.

d.  Driving a large tractor-trailer while tired or fatigued all while understanding the immediate and probable danger this imposes to others on the road;

e.  Continuing to drive on the road while knowing he is too fatigued to drive;

f.  Failing to pull over when he realized he was too fatigued to drive;

g.  Driving while understanding he had a medical or other physical condition which may suddenly render him incapable of safely driving a tractor-trailer.

h.  Failing to maintain proper distance between vehicles;

i.  Operating said vehicle in a negligent, careless reckless, and actually malicious manner so as to rear-end the vehicle in which the Plaintiff was a passenger, without regard for the rights or safety of Plaintiffs or others;

j.  Failing to have said vehicle under proper and adequate control;

k.  Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

l.  Violation of the assured clear distance rule;

m.  Failure to keep a proper lookout;

n.  Failure to apply brakes earlier to stop the vehicle without rear-ending the vehicle in which the Plaintiff was a passenger in;

o.  Being inattentive to his duties as an operator of a motor vehicle;

p.  Disregarding traffic lanes, patterns, and other devices;

q.  Driving at a high rate of speed which was high and dangerous for conditions;

r.  Failing to remain continually alert while operating said vehicle;

s.  Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

t.  Failing to give Plaintiffs meaningful warning signs concerning the impending collision;

u.  Failing to exercise ordinary care to avoid a collision;

v.  Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

w.  Operating said vehicle with disregard for the rights of Plaintiff, even though he was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him

x.  Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

y.  Failing to operate said vehicle in compliance with the applicable laws and ordinances of the State of Ohio, pertaining to the operation and control of motor vehicles; and

z.  Being otherwise careless, negligent, reckless and actually malicious under the circumstances.

56.  As a direct and consequential result of the careless, negligent, reckless, and actually malicious conduct of the Defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including, but not limited to, his back, shoulders and both knees. Specifically, including, but not limited to disc bulge with annular tearing at the L3-4, disc herniation with annular tearing at L4-5 and disc bulging with herniation at L5-S1, all to Plaintiff's great loss and detriment.

57.     As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

58.     As an additional result of the carelessness, negligence, recklessness, and actual malice of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

59.     As a further result of Plaintiff's injuries, he has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

60.     As a direct result of the negligent, careless, and/or reckless conduct of the Defendant, plaintiff suffered damage to his personal property, including his/her motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

61.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of any basic personal injury protection benefits, for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Aleksander Simaku, prays for judgment in Plaintiffs' favor and against Defendant, Riders Distributors, Inc., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs, punitive damages, and other relief this court deems necessary.

## COUNT VII
### Flutura Simaku v. XX Logistics, Inc.
### Negligent Entrustment

62.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

63.     The carelessness, negligence, recklessness and actual malice of the Defendant, Riders Distributors, Inc., which was the proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the Plaintiff, consisted of but are not limited to the following:

  a.  Permitting or directing Defendant Villanueva to drive a tractor-trailer while knowing he had a medical or other physical condition which may suddenly render him incapable of safely driving a tractor-trailer;

  b.  Permitting or directing Defendant Villanueva to drive a tractor-trailer while failing to properly identify a medical or other physical condition which renders him incapable of safely driving a tractor-trailer;

  c.  Failing to ensure that only medically qualified drivers are operating commercial motor vehicles in interstate commerce as required by the Code of Federal Regulations.  49 CFR § 391.41;

  d.  Requiring or permitting Defendant Villanueva to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause as to make it unsafe for him to begin or continue to operate the commercial motor vehicle in violation of the Code of Federal Regulations.  49 CFR § 392.3.

e. Permitting Defendant, Daniel Villanueva, to operate the motor vehicle without first ascertaining whether or not he was capable of properly operating said vehicle;

f. Permitting Defendant, Daniel Villanueva, to operate the motor vehicle when Defendant, Riders Distributors, Inc.., knew, or in the exercise of due care and diligence, should have known that Defendant, Daniel Villanueva, was capable of committing the acts of negligence set forth above;

g. Failing to warn those persons, including the Plaintiff, that Defendant, Riders Distributors, Inc., knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to Defendant, Daniel Villanueva's negligent operation of the motor vehicle; and

h. Otherwise negligently entrusting said vehicle to said individual Defendant, Daniel Villanueva.

64.     As a direct and consequential result of the careless, negligent, reckless, and actually malicious conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including, but not limited to, her back and shoulders. Specifically, including, but not limited to a disc bulge with annular tearing at the L3-4 disc level, a disc herniation with annular tearing at the L4-5 disc level and a disc herniation at the L5-S1 disc level. Flutura also sustained a fractured to her Humerus, as well as tearing of the supraspinatus tendon and her superior labrum. Due to these left shoulder injuries, surgical repairs were made, all to Plaintiff's great loss and detriment.

65.     As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

66.     As an additional result of the carelessness, negligence and/or recklessness of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

67.     As a further result of Plaintiff's injuries, he has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

68.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of any basic personal injury protection benefits for which she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Flutura Simaku, prays for judgment in plaintiff's favor and against Defendant, XX Logistics, Inc., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs, punitive damages, and other relief this court deems necessary.

<u>**COUNT VIII**</u>
**Aleksander Simaku v. XX Logistics, Inc.**
**Negligent Entrustment**

69.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

70.     The negligence, recklessness and/or carelessness of the Defendant, Riders Distributors, Inc., which was the proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the Plaintiff, consisted of but are not limited to the following:

a.  Permitting or directing Defendant Villanueva to drive a tractor-trailer while knowing he had a medical or other physical condition which may suddenly render him incapable of safely driving a tractor-trailer;

b.  Permitting or directing Defendant Villanueva to drive a tractor-trailer while failing to properly identify a medical or other physical condition which renders him incapable of safely driving a tractor-trailer;

c.  Failing to ensure that only medically qualified drivers are operating commercial motor vehicles in interstate commerce as required by the Code of Federal Regulations.  49 CFR § 391.41;

d.  Requiring or permitting Defendant Villanueva to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause as to make it unsafe for him to begin or continue to operate the commercial motor vehicle in violation of the Code of Federal Regulations.  49 CFR § 392.3.

e.  Permitting Defendant, Daniel Villanueva, to operate the motor vehicle without first ascertaining whether or not he was capable of properly operating said vehicle;

f.  Permitting Defendant, Daniel Villanueva, to operate the motor vehicle when Defendant, Riders Distributors, Inc.., knew, or in the exercise of due care and diligence, should have known that Defendant, Daniel Villanueva, was capable of committing the acts of negligence set forth above;

g.  Failing to warn those persons, including the Plaintiff, that Defendant, Riders Distributors, Inc., knew, or in the existence of due care and diligence should

have known, that the Plaintiff would be exposed to Defendant, Daniel Villanueva's negligent operation of the motor vehicle; and

h. Otherwise negligently entrusting said vehicle to said individual Defendant, Daniel Villanueva.

71. As a direct and consequential result of the careless, negligent, reckless, and actually malicious conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including, but not limited to, his back, shoulders and both knees. Specifically, including, but not limited to disc bulge with annular tearing at the L3-4, disc herniation with annular tearing at L4-5 and disc bulging with herniation at L5-S1, all to Plaintiff's great loss and detriment.

72. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

73. As an additional result of the carelessness, negligence, recklessness, and actual malice of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

74. As a further result of Plaintiff's injuries, he has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

75. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount

equal to and/or in excess of any basic personal injury protection benefits, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Aleksander Simaku, prays for judgment in plaintiff's favor and against Defendant, XX Logistics, Inc., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs, punitive damages, and other relief this court deems necessary.

### COUNT IX
### Flutura Simaku v. XX Logistics, Inc.
### Respondeat Superior

76.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

77.     The carelessness, negligence, recklessness and actually maliciousness of the Defendant, Riders Distributors, Inc., itself and by and through its agent, servant and/or employee, Defendant, Daniel Villanueva, acting at all times relevant hereto within the scope of it's agency, which was the direct and proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the plaintiffs, consisted of but are not limited to the following:

    a.  Rear-ending the vehicle in which the Plaintiff was a passenger, while vehicle was parked on the shoulder of the road;

    b.  Striking the guardrail behind Plaintiff, and then colliding with Plaintiff's vehicle due to fatigue, as substantiated by the police report.

    c.  Driving while being incapable of safely driving his tractor trailer at the time of the collision.

    d.  Driving a large tractor-trailer while tired or fatigued all while understanding the immediate and probable danger this imposes to others on the road;

    e.  Continuing to drive on the road while knowing he is too fatigued to drive;

f.   Failing to pull over when he realized he was too fatigued to drive;

g.   Driving while understanding he had a medical or other physical condition which may suddenly render him incapable of safely driving a tractor-trailer.

h.   Failing to maintain proper distance between vehicles;

i.   Operating said vehicle in a negligent, careless reckless, and actually malicious manner so as to rear-end the vehicle in which the Plaintiff was a passenger, without regard for the rights or safety of Plaintiffs or others;

j.   Failing to have said vehicle under proper and adequate control;

k.   Operating said vehicle at a dangerous and excessive rate of speed under the circumstances.

l.   Violation of the assured clear distance rule;

m.   Failure to keep a proper lookout;

n.   Failure to apply brakes earlier to stop the vehicle without rear-ending the vehicle in which the Plaintiff was a passenger in;

o.   Being inattentive to his duties as an operator of a motor vehicle;

p.   Disregarding traffic lanes, patterns, and other devices;

q.   Driving at a high rate of speed which was high and dangerous for conditions;

r.   Failing to remain continually alert while operating said vehicle;

s.   Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

t.   Failing to give Plaintiffs meaningful warning signs concerning the impending collision;

u.   Failing to exercise ordinary care to avoid a collision;

    v.   Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

    w.   Operating said vehicle with disregard for the rights of Plaintiff, even though he was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him

    x.   Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

    y.   Failing to operate said vehicle in compliance with the applicable laws and ordinances of the State of Ohio, pertaining to the operation and control of motor vehicles; and

    z.   Being otherwise careless, negligent, reckless and actually malicious under the circumstances.

78.    As a direct and consequential result of the careless, negligent, reckless, and actually malicious conduct of the Defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including, but not limited to, her back and shoulders. Specifically, including, but not limited to a disc bulge with annular tearing at the L3-4 disc level, a disc herniation with annular tearing at the L4-5 disc level and a disc herniation at the L5-S1 disc level. Flutura also sustained a fractured to her humerus, as well as tearing of the supraspinatus tendon and her superior labrum. Due to these left shoulder injuries, surgical repairs were made, all to Plaintiff's great loss and detriment.

79.     As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

80.     As an additional result of the carelessness, negligence, recklessness, and actual malice of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

81.     As a further result of Plaintiff's injuries, he has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

82.     As a direct result of the negligent, careless, and/or reckless conduct of the Defendant, plaintiff suffered damage to his personal property, including his/her motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

83.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of any basic personal injury protection benefits, for which she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Flutura Simaku, prays for judgment in Plaintiffs' favor and against Defendant, XX Logistics, Inc., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs, punitive damages, and other relief this court deems necessary.

**COUNT X**
**Aleksander Simaku v. XX Logistics, Inc.**
**Respondeat Superior**

84.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

85.     The negligence, recklessness and/or carelessness of the Defendant, Riders Distributors, Inc., itself and by and through its agent, servant and/or employee, Defendant, Daniel Villanueva, acting at all times relevant hereto within the scope of it's agency, which was the direct and proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the plaintiffs, consisted of but are not limited to the following:

    a.  Rear-ending the vehicle in which the Plaintiff was a passenger, while vehicle was parked on the shoulder of the road;

    b.  Striking the guardrail behind Plaintiff, and then colliding with Plaintiff's vehicle due to fatigue, as substantiated by the police report.

    c.  Driving while being incapable of safely driving his tractor trailer at the time of the collision.

    d.  Driving a large tractor-trailer while tired or fatigued all while understanding the immediate and probable danger this imposes to others on the road;

    e.  Continuing to drive on the road while knowing he is too fatigued to drive;

    f.  Failing to pull over when he realized he was too fatigued to drive;

    g.  Driving while understanding he had a medical or other physical condition which may suddenly render him incapable of safely driving a tractor-trailer.

    h.  Failing to maintain proper distance between vehicles;

i.   Operating said vehicle in a negligent, careless reckless, and actually malicious manner so as to rear-end the vehicle in which the Plaintiff was a passenger, without regard for the rights or safety of Plaintiffs or others;

j.   Failing to have said vehicle under proper and adequate control;

k.   Operating said vehicle at a dangerous and excessive rate of speed under the circumstances.

l.   Violation of the assured clear distance rule;

m.   Failure to keep a proper lookout;

n.   Failure to apply brakes earlier to stop the vehicle without rear-ending the vehicle in which the Plaintiff was a passenger in;

o.   Being inattentive to his duties as an operator of a motor vehicle;

p.   Disregarding traffic lanes, patterns, and other devices;

q.   Driving at a high rate of speed which was high and dangerous for conditions;

r.   Failing to remain continually alert while operating said vehicle;

s.   Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

t.   Failing to give Plaintiffs meaningful warning signs concerning the impending collision;

u.   Failing to exercise ordinary care to avoid a collision;

v.   Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

w.  Operating said vehicle with disregard for the rights of Plaintiff, even though he was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him

x.  Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

y.  Failing to operate said vehicle in compliance with the applicable laws and ordinances of the State of Ohio, pertaining to the operation and control of motor vehicles; and

z.  Being otherwise careless, negligent, reckless and actually malicious under the circumstances.

86.  As a direct and consequential result of the careless, negligent, reckless, and actually maliciousness of the Defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including, but not limited to, his back, shoulders and both knees. Specifically, including, but not limited to disc bulge with annular tearing at the L3-4, disc herniation with annular tearing at L4-5 and disc bulging with herniation at L5-S1, all to Plaintiff's great loss and detriment.

87.  As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

88.     As an additional result of the carelessness, negligence and/or recklessness of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

89.     As a further result of Plaintiff's injuries, he has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

90.     As a direct result of the careless, negligent, reckless, and actually malicious conduct of the Defendant, plaintiff suffered damage to his personal property, including his/her motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

91.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of any basic personal injury protection benefits, for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Aleksander Simaku, prays for judgment in Plaintiffs' favor and against Defendant, XX Logistics, Inc., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs, punitive damages, and other relief this court deems necessary.

Respectfully Submitted,

**SIMON & SIMO**N, PC

BY:          *Brandon Keller*

Brandon Keller, Esquire
707 Grant Street; Suite 1200
Pittsburgh, Pennsylvania 15201
brandonkeller@gosimon.com
Ohio Bar No. 99299
Ph: (412) 360-7258