## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**FLUTURA SIMAKU, et al.**                    CASE NO. 3:21 CV 447

    Plaintiffs,

    v.                                        JUDGE JAMES R. KNEPP II

**DANIEL VILLANUEVA, et al.**

    Defendants.                          **ORDER**

Plaintiffs filed a Motion seeking Leave to Serve Process upon Defendant XX Logistics, Inc. (Doc. 15). The Motion details Plaintiffs numerous unsuccessful attempts to achieve service upon XX Logistics, prompting them to move this Court to authorize service by publication under Ohio Civil Rule 4.4. *See* Doc. 15, at ¶¶4-18. For the following reasons, the Court denies Plaintiffs' Motion without prejudice.

The Federal Rules of Civil Procedure permit service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made". Fed. R. Civ. P. 4(e)(1). Plaintiffs argue Ohio Civil Rule 4.4 permits service by publication in this case, because diligent efforts to serve XX Logistics have, so far, failed. (Doc. 15, at ¶18).

Ohio Civil Rule 4.4 outlines the procedure for effecting service of process. It provides "when service of process is required upon a party whose residence is unknown[1], service shall be

---

1. Plaintiffs note they confirmed the address of XX Logistics. (Doc. 15, at ¶¶11-13). Nonetheless, they argue the Court should consider XX Logistics to have an "unknown" address. *Id.* at ¶18. Because whether the address is known or unknown is not relevant to the ultimate analysis, the Court declines to consider this argument.

made by publication in actions where such service is authorized by law." Ohio R. Civ. P. 4.4(a)(1). Thus, the Ohio Civil Rule requires authority from some other source of law before service can be properly effected by publication.

Plaintiffs' motion does not provide any such law. Indeed, Ohio law provides at least twelve situations in which service may be made by publication, though none appear to apply to the case at hand. *See* Ohio. Rev. Code § 2703.14; *see also Mocic v. Kowalcyzk,* 1986 WL 8685, at *1 (Ohio Ct. App.) ("Appellee, being a non-resident of the state of Ohio, cannot be served by publication as attempted herein. [Ohio Revised Code] 2703.14(L) only provides for service by publication on a defendant 'being resident of this state' who has departed from the county of his residence with intent to avoid the service of summons. The appellee clearly is not a resident of Ohio, and did not move with an intent to avoid service of summons."); *Helms v. Nationwide Ins. Co. of Am.*, 280 F.R.D. 354, 363-64 (S.D. Ohio 2012) (applying Ohio Rev. Code 2703.14 to service by publication upon an Ohio resident). Thus, it appears to the Court that Ohio law does not authorize service by publication in this case.

Moreover, the plain language of Ohio Rule of Civil Procedure 4.4(a)(1) requires an affidavit be filed with the Court; it does not require a motion seeking authorization from the Court. That is, it is not for this Court to preemptively authorize this method of service. But, even if Ohio law permitted service by publication in this case, Plaintiffs would need an extension of the current January 28, 2022 service deadline because service by publication requires six successive weeks of publication. *See* Non-document entry dated January 5, 2022; Ohio R. Civ. P. 4.4(a)(1). Thus, the Court construes Plaintiffs' Motion as an attempt to extend the impending service deadline. That Motion is denied, without prejudice, because Plaintiffs have not shown to this Court their plans

for service comply with Ohio law. Plaintiffs must still effect service upon XX Logistics, Inc. by January 28, 2022.

    IT IS SO ORDERED.

                          *s/ James R. Knepp II*
                          UNITED STATES DISTRICT JUDGE